# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON BOWERS,<br>CDCR #D-14348,<br><br>          Plaintiff,<br><br>vs.<br><br>R. FRANCO, et al.,<br><br>          Defendants. | Civil No. 07-0977 H (LSP)<br><br>**ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT SUA SPONTE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b)(1)** |

## I.

### Procedural History

Plaintiff, a state inmate currently incarcerated at the California Men's Colony in San Luis Obispo, California, proceeding pro se and *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), has filed an Amended Complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983 [Doc No. 5].

On July 9, 2007, the Court dismissed Plaintiff's original Complaint sua sponte for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) [Doc. No. 4]. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim). Plaintiff claimed his due process rights were violated by various Richard

J. Donovan ("RJD") prison officials who transferred him to Administrative Segregation ("Ad-Seg") and confiscated property from his cell, yet failed to fully inventory his possessions and never returned certain personal items to him. (Orig. Compl. ¶¶ 8-11, 16, 54.) The Court found, however, that to the extent Plaintiff sought to bring a claim related to the random and unauthorized deprivation of his property under the Due Process Clause of the Fourteenth Amendment, the State's post-deprivation tort remedy provided all the process that was due. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Because Plaintiff is proceeding without counsel, however, the Court notified him of the deficiencies in his pleading, and provided him an opportunity to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987) (court must give a pro se litigant leave to amend his complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

However, for the reasons discussed below, Plaintiff's Amended Complaint must also be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failing to state a claim upon which relief can be granted. *Lopez*, 203 F.3d at 1126-27.

## II.

### A.   Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)

Because Plaintiff is proceeding IFP and is a "prisoner" as defined by 28 U.S.C. § 1915(h), the Court must sua sponte review his Amended Complaint before service, just as it did his original pleading, and dismiss the action, or any part of his Amended Complaint, if it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Lopez,* 203 F.3d at 1126-27; *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the Prison Litigation Reform Act ("PLRA"), the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. § 1915(e)(2) and § 1915A mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P.

4(c)(2). *See Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B.    Discussion**

First, while the Court's July 9, 2007 Order cautioned Plaintiff that any amended pleading must be "complete in itself" pursuant to FED.R.CIV.P. 15 and S.D. Cal. Civil Local Rule 15.1, Plaintiff's Amended Complaint fails to allege any specific acts of constitutional wrongdoing, taken "under color of state law," by any individual "person" currently or previously named as a defendant. *See* 42 U.S.C. § 1983. "To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, ___ F.3d ___, 2007 WL 2445998 at *5 (9th Cir. Aug 30, 2007) (No. 03-56712) (quoting *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989)).

Here, Plaintiff's Amended Complaint merely lists one of the previously named defendants in the caption, followed by an "et al." The body of the Amended Complaint makes no mention of any specific acts or omissions on the part of any person alleged to have personally caused the violation of Plaintiff's constitutional rights. *See* FED.R.CIV.P. 10(a) (requiring plaintiffs to

specifically name each defendant in the caption of his complaint). While attaching the ambiguous phrase "et al." to the caption of a complaint suggests that Plaintiff wishes to sue other persons, a defendant is not presumed a party to the action if he is not named in the caption, unless he is specifically and sufficiently identified later in the body of the complaint. *See Ferdik*, 963 F.2d at 1262; *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant."). In fact, where a purported defendant is named neither in the caption nor specifically identified as a defendant in a later portion of the complaint, the court is precluded by FED.R.CIV.P.15 from ascertaining the identities of additional defendants simply by referring back to those named in the original complaint or any other superseded pleading. *Ferdik*, 963 F.2d at 1262. Thus, the Court may consider only whether Plaintiff's Amended Complaint states a federal claim against the sole identified defendant, "R. Franco." (*See* Amend. Compl. at 1.)

A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). To state a claim against a state official under section 1983, the complainant must allege direct personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, Plaintiff's Amended Complaint makes absolutely no reference to any act or omission in the part of Defendant Franco; nor does it include any allegations of direct or personal participation by Defendant Franco in the confiscation or loss of Plaintiff's property. For this reason alone, Plaintiff's Amended Complaint fails to state a claim. *See* 28 U.S.C. §§ 1915(e)(2); 1915A(b); *Lopez*, 203 F.3d at 1126-27.

Moreover, even if Plaintiff had alleged personal liability on the part of Defendant Franco, his Amended Complaint still fails to state a due process claim under the Fourteenth Amendment's Due Process Clause. *Id.* Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1405 (9th Cir. 1989). Neither

the negligent nor intentional deprivation of property states a due process claim under section 1983 if the deprivation was random and unauthorized, however. *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, *e.g.* a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to the deprivation, a statutory provision for post-deprivation hearing or a state common law tort remedy for erroneous deprivation satisfies due process); *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same). The Ninth Circuit has long recognized that California law provides such an adequate post-deprivation remedy. *Barnett*, 31 F.3d at 816-17 (citing CAL. GOV'T CODE §§ 810-895).

In his Amended Complaint, Plaintiff claims once he was transferred to Ad-Seg and was no longer "housed in the cell with his property, the defendant(s) had the legal obligation to secure such property." (Amend. Compl. at 2.) Plaintiff claims unspecified RJD officials "carelessly and negligently" breached that duty in violation of due process. (*Id.* at 3.) However, as this Court has discussed, deprivations of property resulting from negligence, or "mere lack of due care" do not deny due process at all, and must be redressed through a state court damages action. *See Daniels*, 474 U.S. at 328 ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."); *id.* at 330 ("'To hold that this kind of loss is a deprivation of property within the meaning of the Fourteenth Amendment seems not only to trivialize, but grossly to distort the meaning and intent of the Constitution.'" (quoting *Parratt*, 451 U.S. at 545 (Stewart, J., concurring)). In fact, the Supreme Court has explicitly warned against turning the Fourteenth Amendment and § 1983 into a "font of tort law to be superimposed upon whatever systems may already be administered by the States." *See Paul v. Davis*, 424 U.S. 693, 701 (1976).

/ / /

Moreover, even if Plaintiff could claim that prison officials *intentionally* deprived him of personal property, he simply has no cognizable federal claim under § 1983, for California's Tort Claims Act provides as adequate post-deprivation remedy sufficient to provide him with all process due. *Barnett*, 31 F.3d at 816-17.

Thus, because Plaintiff continues to assert only that unspecified RJD prison officials deprived him of personal property, any remedy he may have lies in state court and his federal action must be dismissed for failing to state a claim upon which § 1983 relief may be granted. 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126-27. Because the Court has previously notified Plaintiff of his pleading deficiencies and has already granted him an opportunity to amend, and it does not now appear "at all possible that ... plaintiff can correct the defect(s)" of his pleading, further leave to amend is denied as futile. *See Lopez*, 203 F.3d at 1130-31; *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1258 (9th Cir. 2007) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend) (citation omitted)).

### III.

### Conclusion and Order

Good cause appearing therefor, IT IS HEREBY ORDERED that Plaintiff's Amended Complaint [Doc. No. 5] is DISMISSED for failing to state a claim upon which section 1983 relief can be granted and without further leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is further notified that this dismissal may later be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g).[1]

The Clerk shall close the file.

DATED: September 4, 2007

HON. MARILYN L. HUFF
United States District Judge

---

[1] 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal ... under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) ("Pursuant to § 1915(g), a prisoner with three strikes," *i.e.*, prior federal cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on grounds that they were frivolous, malicious, or failed to state a claim, "cannot proceed *IFP*.").